UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DARIANA LUPERON<br><br>        Plaintiff<br><br>- against-<br><br>NORTH JERSEY TRUCK CENTER, INC.<br>MORETRAN LEASING CORP. and RANDY<br>CAMPOSMATOS<br><br>        Defendant | SECOND THIRD-PARTY<br>COMPLAINT<br><br>Docket No. 07-CV-9630<br>(RJS) |
| NORTH JERSEY TRUCK CENTER, INC.,<br>MORETRAN LEASING CORP.<br><br>        Third-Party Plaintiff (s)<br><br>- against -<br><br>COLLIE ARNOLD and SMARTWAY<br>TRANSPORT INC.<br><br>        Third-Party Defendant(s) | |
| RANDY CAMPOSMATOS<br><br>        Second Third-Party Plaintiff<br><br>- against –<br><br>SMARTWAY TRANSPORT LLC, COLLIE C.<br>ARNOLD and CITY OF NEW YORK<br><br>        Second Third-Party Defts | |

    The Defendant/Third-Party Plaintiff, Randy Camposmatos, by the Law Office of JAMES G. BILELLO & ASSOCIATES, complaining of the Third-Party Defendants, Collie C. Arnold, Smartway Transport LLC, and the City of New York, respectfully alleges that:

AS AND FOR A FIRST CAUSE OF ACTION

1. Plaintiff Dariana Luperon has commenced an action against Defendants/Third-party Plaintiff Randy Camposmatos for the causes of action set forth in the Complaint. A copy of said Complaint is attached hereto as Exhibit A and incorporated by reference.

2. The Third-Party Defendant, Smartway Transport LLC, is a New York corporation.

3. The Third-party Defendant, Smartway Transport LLC has its principal place of business located at 148 South 12th Avenue, Mount Vernon, NY 10550.

4. The Third-party Defendant Collie C. Arnold is a resident of the City of Mt. Vernon, County of Westchester, State of New York.

5. The Third-party Defendant Collie C. Arnold is a resident of the City of Stamford, County of Fairfield, State of Connecticut.

6. Plaintiff has sued the Defendant/Third-Party Plaintiff Randy Camposmatos for personal injuries alleged to have resulted from an accident alleged to have occurred on August 2, 2007.

7. The accident allegedly took place at the intersection of Longwood Avenue and Barry Street, County of Bronx, State of New York.

8. On or about the date of the alleged accident, Third-Party Defendant Smartway Transport LLC was the titled owner of a 2001 Freightliner motor vehicle bearing New York State license plate number 83135PA.

9. On or about the date of the alleged accident, Third-Party Defendant Smartway Transport LLC was the registered owner of a Freightliner motor vehicle bearing New York State license plate number 83135PA.

10. On or about the date of the alleged accident, Third-Party Defendant Collie C. Arnold was the driver of a 2001 Freightliner motor vehicle bearing New York State license plate number 83135PA.

11. On or about the date of the alleged accident, Third-party Defendant Collie C. Arnold was operating a 2001 Freightliner motor vehicle bearing New York State license plate number 83135PA with the permission and consent of Smartway Transport LLC.

12. The alleged accident was due to the negligence of the Third-party Defendant in the ownership, operation, maintenance and control of the above mentioned motor vehicle.

13. That, if the Plaintiff sustained the injuries and/or damages alleged in the Plaintiff's complaint through any fault other than the fault of the Plaintiff, all of which is and has been denied by the Defendant/Third-Party Plaintiff herein, then the party responsible for compensating the Plaintiff is the Third-Party Defendants, Smartway Transport LLC and Collie C. Arnold.

14. That, if the Plaintiff sustained the injuries and/or damages as alleged in the complaint through any negligence other than his/her own, and if the Plaintiff should thereby recover any judgment against the Defendant/Third-party Plaintiff, Randy Camposmatos, such recovery will have been brought about and caused the negligence of the Third-Party Defendants, Collie C. Arnold and Smartway Transport LLC, in negligently controlling, maintaining and operating the vehicle in question, without any negligence on the part of the Defendant/Third-Party Plaintiff Randy Camposmatos contributing thereto and the Third-party Defendants, Collie C. Arnold/Smartway Transport LLC will be obligated to contribute to &/or indemnify the Defendant/Third-party Plaintiff Randy Camposmatos for any judgment which may be recovered against him by reason of the occurrence mentioned and described in Plaintiff's complaint.

## AS AND FOR A SECOND CAUSE OF ACTION

15. Third-party Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs designated 1 through 14 incluslive of the third-party complaint herein.

16. That if it is determined that the Plaintiff sustained the injuries and/or damages as alleged in the Plaintiff's complaint through the negligence of the answering Defendant and not through any negligence by the Plaintiff, all of which is denied, and if the Plaintiff should thereby recover any judgment against the Defendant/Third-party Plaintiff, Randy Camposmatos, then Defendant/Third-party Plaintiff demands judgment over and against the recovery by Plaintiff herein as had against Defendant/Third-party Plaintiff, Randy Camposmatos, in accordance with the relative responsibility of the parties.

17. Third-Party Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs designated 1 through 16 inclusive of the third-party complaint herein.

## THIRD CAUSE OF ACTION AS TO THIRD-PARTY DEFENDANT THE CITY OF NEW YORK

18. That at all times hereinafter mentioned, the roadway at the intersection of Longwood Avenue and Barry Street in the County of Bronx, City and State of New York, was a public roadway over and among which the public has a right to travel (hereinafter referred to herein as the "roadway").

19. Prior to the date of the accident at issue herein, August 2, 2007, defendant CITY erected stop sign(s) on Barry Street near its intersection with Longwood Avenue in order to control the flow of northbound traffic on Barry Street and to require that motor vehicles traveling northbound on Barry Street come to a full stop on Barry Street before entering the intersection of Longwood Avenue and Barry Street in the County of Bronx, City and State of New York.

20. That at all times hereinafter mentioned, defendant City enacted an ordinance requiring motor vehicles traveling on Barry Street to come to a full stop on Barry Street before entering the intersection of Longwood Avenue and Barry Street in the County of Bronx, City and State of New York.

21. Prior to or on the date of the accident at issue herein, August 2, 2007, defendant City did not erect stop signed on Longwood Avenue at or near its intersection with Barry Street in the County of Bronx, City and State of New York in order to control the flow of eastbound motor vehicle traffic on Longwood Avenue.

22. That at all times hereinafter mentioned, defendant City managed the roadway.

23. That at all times hereinafter mentioned, defendant City owned the roadway.

24. That at all times hereinafter mentioned, defendant City operated the roadway.

25. That at all times hereinafter mentioned, defendant City controlled the roadway.

26. That at all times hereinafter mentioned, defendant City maintained the roadway.

27. That at all times hereinafter mentioned, the City administered the roadway.

28. That at all times hereinafter mentioned, defendant City repaired the roadway.

29. That on August 2, 2000 at approximately 6:30 PM, Edwin Suero was lawfully driving the motor vehicle of third party plaintiff Randy Camposmatos eastbound on Longwood Avenue near its intersection with Barry Street in the County of Bronx in the City and State of New York.

30. As Mr. Suero attempted to travel eastbound on Longwood Avenue through the intersection of Longwood Avenue and Barry Street, third-party defendants Smartway Transport LLC and Collie C. Arnold were traveling northbound on Barry Street near its intersection with Longwood Avenue.

31. As Mr. Suero attempted to travel eastbound through the intersection of Longwood Avenue and Barry Street, Defendants Smartway and Arnold drove their motor vehicle along Barry Street and into the intersection with Longwood Avenue crashing the front of the Smartway/Arnold motor vehicle into the side of third-party defendant's motor vehicle causing plaintiff Dariana Luperon to sustain her alleged injuries.

32. At the time and place of the aforementioned accident, a traffic control device, to wit, the stop sign which should have been present to govern the northbound flow of traffic on Barry Street at its intersection with Longwood Avenue was removed, missing, down, obscured and/or out of position.

33. At the time of the aforementioned accident, the stop sign that should have been present to control the flow of northbound traffic on Barry Street near its intersection with Longwood Avenue was missing, down, obscured and/or out of position due to the negligence, carelessness and recklessness of the City in the ownership, operation,

       maintenance, control, management, design, construction, repair and/or inspection of the aforementioned roadway and/or the aforementioned stop sign on the roadway.

34. Upon information and belief, a written notice of the aforementioned imminently dangerous, hazardous and defective condition was actually given to defendant City and/or there was previous injury to person or property as a result thereof, and/or the imminently dangerous, hazardous and defective condition was caused and created by defendant City and written notice thereof was given to a City agency and/or there was written acknowledgement from defendant City of the aforementioned imminently dangerous, hazardous and defective condition and there was a negligent, careless and reckless failure and/or neglect by the City after the receipt of such notice to replace, repair and/or remedy the aforementioned dangerous, hazardous and defective condition within a reasonable time.

35. At the time of the aforementioned accident, the City, its agents, servants and employees caused and created the foregoing imminently dangerous, hazardous and defective condition.

36. The aforementioned accident occurred as a proximate result of negligence, carelessness and recklessness of the City in the ownership, operation, maintenance, control, management, design, construction, repair and/or inspection of the aforementioned roadway and/or the aforementioned stop sign on the roadway.

37. That if the Plaintiff sustained the injuries and/or damages alleged in the Plaintiff's complaint, through any fault other than the fault of the Plaintiff, all of which is and has been denied by the Defendant/Third-Party Plaintiff herein, then the party responsible for compensating the Plaintiff is the Third-party Defendant, City of New York.

38. That if the Plaintiff sustained the injuries and/or damages as alleged in the complaint through any negligence other than his/her own, and if the Plaintiff should thereby recover any judgment against the Defendant/Third-Party Plaintiff, Randy Camposmatos, such recovery will have been brought about and caused by the negligence of the Third-Party Defendant City of New York in failing to maintain the intersection of Longwood and Barry in a safe condition for traffic without any negligence on the party of the Defendant/Third-Party Plaintiff, Randy Camposmatos, contributing thereto, and the Third-Party Defendant City of New York will be obligated to contribute to and/or indemnify the Defendant/Third-Party Plaintiff, Randy Camposmatos, for any judgment which may be recovered against him by reason of the occurrence mentioned and described in the Plaintiff's complaint.

AS AND FOR A FOURTH CAUSE OF ACTION

39. Third-Party Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs designated 1 through 38 inclusive of the complaint herein.

40. That if it is determined that the Plaintiff sustained the injuries and/or damages as alleged in the Plaintiff's complaint through the negligence of the answering Defendant and not through any negligence by the Plaintiff, all of which is denied, and if the Plaintiff should thereby recover any judgment against the Defendant/Third-Party Plaintiff, Randy Camposmatos, the Defendant/Third-Party Plaintiff demands judgment over and against the Third-Party Defendant. City of new York for all or a portion of any recovery by

Plaintiff herein as had against Defendant/Third-Party Plaintiff, Randy Camposmatos, in accordance with the relative responsibility of the parties.

WHEREFORE, Defendant/Third-Party Plaintiff, Randy Camposmatos, demands judgment dismissing the complaint of the Plaintiffs with costs and disbursements and further demands judgment over and against Third-Party Defendant, Collie C.Arnold/SmartwayTransport LLC, and City of NewYork for complete indemnification for any judgment that may be recovered herein by reason of the Third-Party Defendant's negligence. In the alternative, Defendant/Third-party Plaintiff Randy Camposmatos demands judgment over and against Third-Party Defendants, Collie C. Arnold and Smartway Transport LLC and City of New York for contribution for all or part of any recovery by Plaintiff herein in accordance with the relative responsibility of the Defendant/Third-Party Plaintiff and Third-Party Defendant, and for relative costs and disbursements.

                                              _s/_____
                                              John W. Kondulis, Esq.
                                              JAMES G. BILELLO & ASSOCIATES
                                              Attorneys for Defendant/Third-Party Plaintiff
                                              Randy Camposmatos
                                              875 Merrick Avenue
                                              Westbury, NY 11590
                                              (516) 229-4312
                                              Our File No: 08K0158
                                              Claim No: 0328563300101013

TO:
Kevin Concagh PC
Attorneys for Plaintiff(s)
225 Broadway
New York, NY 10007
212-962-2727

Price,Meese,Shulman & D'Arminio P.C.
Attorneys for Defendant
106 Corporate Park Drive
White Plains, NY 10604
201-391-3737

Collie C. Arnold
Third Party Defendant
148 S. 12th Avenue
Mount Vernon, NY 10550

Smartway Transport LLC
Third Party Defendant
148 South 12th Avenue
Mount Vernon, NY 10550

Index No. 07-CV-9630 (RJS)

| | |
|---|---|
| DARIANA LUPERON<br><br>Plaintiff(s)<br><br>- against -<br><br>NORTH JEJRSEY TRUCK CENTER, INC. MORETRAN LEASING CORP and RANDY CAMPOSMATOS<br><br>Defendant(s) | SECOND THIRD-PARTY COMPLAINT |
| NORTH JERSEY TRUCK CENTER INC., MORETRAN LEASING CORP.<br><br>Third-Party Plaintiff(s)<br><br>- against -<br><br>COLLIE ARNOLD and SMARTWAY TRANSPORT INC.<br><br>Third-Party Defendant(s) | |

JAMES G. BILELLO & ASSOCIATES
Attorneys for the Defendant(s)/Third Party Plaintiff(s)
Randy Camposmatos
Office and Post Office Address
875 Merrick Avenue
Westbury, New York 11590
(516) 229-4312

---

Kevin Concagh PC
Attorneys for Plaintiff(s)
225 Broadway
New York, NY 10007
212 962-2727

Price, Meese, Shulman & D'Arminio P.C.
Attorneys for Defendant
106 Corporate Park Drive
White Plains, NY 10604
201 391 3737

---

Due and timely service of a copy of the within SECOND THIRD PARTY COMPLAINT is hereby admitted.
Dated April 16, 2008

Attorney(s) for Defendant/Third-Party Plaintiff