**PRICE, MEESE, SHULMAN & D'ARMINIO, P.C.**
106 Corporate Park Drive
Suite 401
White Plains, NY 10604
(914) 251-1618
Attorneys for Defendants/Third-Party Plaintiffs
North Jersey Truck Center, Inc. and Moretran
Leasing Corp.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DARIANA LUPERON,

        Plaintiff,

vs.

NORTH JERSEY TRUCK CENTER, INC.,
MORETRAN LEASING CORP., and
RANDY CAMPOSMATOS,

        Defendants.

Civil Action No. 07-CIV-9630 (RJS)

**AMENDED THIRD-PARTY COMPLAINT**

---

NORTH JERSEY TRUCK CENTER, INC.
and MORETRAN LEASING CORP.,

        Third-Party Plaintiffs,

vs.

COLLIE C. ARNOLD, SMARTWAY
TRANSPORT, LLC and the CITY OF
NEW YORK,

        Third-Party Defendants.

---

Defendants North Jersey Truck Center, Inc., ("North Jersey Truck") and Moretran Leasing Corp. ("Moretran") through their attorneys, Price, Meese, Shulman & D'Arminio, P.C.,

complaining of the Third-Party Defendants, Collie C. Arnold, Smartway Transport, LLC and the City of New York say upon information and belief as follows:

### FIRST CAUSE OF ACTION AS TO SMARTWAY TRANSPORT, LLC AND COLLIE C. ARNOLD

1. Plaintiff Dariana Luperon has commenced an action against Defendants/Third-Party Plaintiffs North Jersey Truck and Moretran for the causes of action set forth in the Complaint. A copy of said Complaint is attached hereto as Exhibit A and incorporated by reference.

2. The Third-Party Defendant, Smartway Transport LLC, is a New York corporation.

3. Upon information and belief, the Third-party Defendant, Smartway Transport LLC has its principal place of business located at 148 South 12th Avenue, Mount Vernon, New York 10550.

4. Upon information and belief, the Third-party Defendant Collie C. Arnold is a resident of the City of Mount Vernon, County of Westchester, State of New York.

5. Upon information and belief, the Third-party Defendant Collie C. Arnold is a resident of the City of Stamford, County of Fairfield, State of Connecticut.

6. Plaintiff has sued the Defendant/Third-Party Plaintiffs North Jersey Truck and Moretran for personal injuries allegedly from an accident on August 2, 2007.

7. The accident allegedly took place at the intersection of Longwood Avenue and Barry Street, County of Bronx, State of New York.

8. On or about the date of the alleged accident, Third-Party Defendant Smartway Transport LLC was the titled and registered owner of a 2001 Freightliner motor vehicle bearing New York State license plate number 83135PA (the "vehicle").

9. On or about the date of the alleged accident, Third-Party Defendant Collie C. Arnold was the driver of the vehicle with the permission and consent of Smartway Transport LLC.

10. It is alleged by Plaintiff that the alleged accident was due to the negligence of the Third-party Defendants in the ownership, operation, maintenance and control of the vehicle.

11. If the Plaintiff sustained the injuries and/or damages alleged in the Plaintiff's Complaint through any fault other than the fault of the Plaintiff, all of which is and has been denied by the Defendants/Third-Party Plaintiffs herein, then the parties responsible for compensating the Plaintiff are the Third-Party Defendants, Smartway Transport LLC and Collie C. Arnold.

12. If the Plaintiff sustained the injuries and/or damages as alleged in the complaint through any negligence other than her own, and if the Plaintiff should thereby recover any judgment against the Defendants/Third-Party Plaintiffs, North Jersey Truck and Moretran, such recovery will have been brought about and caused by the negligence of the Third-Party Defendants, Collie C. Arnold and Smartway Transport LLC, in negligently controlling, maintaining and operating the vehicle in question, without any negligence on the part of the Defendants/Third-Party Plaintiffs North Jersey Truck and Moretran contributing thereto, and the Third-Party Defendants, Collie C. Arnold and Smartway Transport LLC will be obligated to contribute to and/or indemnify the Defendants/Third-Party Plaintiffs North Jersey Truck and

Moretran for any judgment which may be recovered against them by reason of the occurrence mentioned and described in Plaintiffs Complaint.

## SECOND CAUSE OF ACTION AS TO
## SMARTWAY TRANSPORT, LLC AND COLLIE C. ARNOLD

15. Third-Party Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs designated 1 through 14 inclusive of the Amended Third-Party Complaint as if fully set forth at length herein.

16. If it is determined that the Plaintiff sustained the injuries and/or damages as alleged in the Plaintiff's Complaint through the negligence of the answering Defendants and not through any negligence by the Plaintiff, all of which is denied, and if the Plaintiff should thereby recover any judgment against the Defendants/Third-Party Plaintiffs, North Jersey Truck and Moretran, then Defendants/Third-party Plaintiffs demand judgment over and against the Third-Party Defendants, Collie C. Arnold and Smartway Transport LLC for all or a portion of any recovery by the Plaintiff herein as had against Defendants/Third-Party Plaintiffs North Jersey Truck and Moretran in accordance with the relative responsibility of the parties.

## THIRD CAUSE OF ACTION AS TO
## THIRD-PARTY DEFENDANT THE CITY OF NEW YORK

17. Third-Party Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs designated 1 through 16 inclusive of the Amended Third-Party Complaint as if fully set forth at length herein.

18. At all times hereinafter mentioned, the Roadway at the intersection of Longwood Avenue and Barry Street in the County of Bronx, City and State of New York was a public Roadway over and among which the public has a right to travel (hereinafter referred to herein as the "Roadway").

19. Upon information and belief, prior to the date of the accident at issue herein, August 2, 2007, Third-Party Defendant City had received approval to and had erected a stop sign on Barry Street near its intersection with Longwood Avenue in order to control the flow of northbound traffic on Barry Street and to require that motor vehicles traveling northbound on Barry Street to come to a full stop on Barry Street before entering the intersection of Longwood Avenue and Barry Street in the County of Bronx, City and State of New York.

20. Upon information and belief, at all times hereinafter mentioned, Third-Party Defendant City enacted an ordinance requiring motor vehicles traveling on Barry Street to come to a full stop on Barry Street before entering the intersection of Longwood Avenue and Barry Street in the County of Bronx, City and State of New York.

21. Upon information and belief, at all times hereinafter mentioned, Third-Party Defendant City managed the Roadway, inclusive of the aforesaid stop sign.

22. Upon information and belief, at all times hereinafter mentioned, Third-Party Defendant City owned the Roadway, inclusive of the aforesaid stop sign.

23. Upon information and belief, at all times hereinafter mentioned, Third-Party Defendant City operated the Roadway, inclusive of the aforesaid stop sign.

24. Upon information and belief, at all times hereinafter mentioned, Third-Party Defendant City controlled the Roadway, inclusive of the aforesaid stop sign.

25. Upon information and belief, at all times hereinafter mentioned, Third-Party Defendant City maintained the Roadway, inclusive of the aforesaid stop sign.

26. Upon information and belief, at all times hereinafter mentioned, the City administered the Roadway, inclusive of the aforesaid stop sign.

27. Upon information and belief, at all times hereinafter mentioned, Third-Party Defendant City repaired the Roadway, inclusive of the aforesaid stop sign.

28. Upon information and belief, on August 2, 2007 at approximately 6:30 PM, Edwin Suero was driving a motor vehicle owned by Defendant/Third-Party Defendant Randy Camposmatos eastbound on Longwood Avenue near its intersection with Barry Street.

29. Upon information and belief, at the aforesaid time and place Third-Party Defendant Collie C. Arnold was driving a motor vehicle owned by Third-Party Defendant Smartway Transport LLC northbound on Barry Street near its intersection with Longwood Avenue.

30. Upon information and belief, as alleged in Plaintiff's Complaint at the aforesaid time and at the intersection of Barry Street and Longwood Avenue, the aforesaid vehicles collided.

31. Upon information and belief, at the time and place of the aforementioned accident, a traffic control device in the form of a stop sign should have been present to govern the northbound flow of traffic on Barry Street at its intersection with Longwood Avenue and was removed, missing, down, obscured and out of position.

32. At the time of the aforementioned accident, the stop sign was missing, down, obscured and/or out of position due to the negligence, carelessness and recklessness of the City in its ownership, operation, maintenance, control, management, design, construction, repair and/or inspection of the aforementioned Roadway and/or the aforementioned stop sign on the Roadway

33. Upon information and belief, a written notice of the aforementioned imminently dangerous, hazardous and defective condition was actually given to Third-Party Defendant City

and/or there was previous injury to person or property as a result thereof, and/or the imminently dangerous, hazardous and defective condition was caused and created by Third-Party Defendant City and written notice thereof was given to a City agency and/or there was written acknowledgement from Third-Party Defendant City of the aforementioned imminently dangerous, hazardous and defective condition and there was a negligent, careless and reckless failure and/or neglect by the City after the receipt of such notice to replace, repair and/or remedy the aforementioned dangerous, hazardous and defective condition within a reasonable time.

34. At the time of the aforementioned accident, the City, its agents, servants and employees caused and created the foregoing imminently dangerous, hazardous and defective condition.

35. The aforementioned accident occurred as a proximate result of negligence, carelessness and recklessness of the City in the ownership, operation, maintenance, control, management, design, construction, repair and/or inspection of the aforementioned Roadway and/or the aforementioned stop sign on the Roadway.

36. That if the Plaintiff sustained the injuries and/or damages alleged in the Plaintiff's Complaint, through any fault other than the fault of the Plaintiff, all of which is and has been denied by the Defendants/Third-Party Plaintiffs herein, then the party responsible for compensating the Plaintiff is the Third-Party Defendant, City of New York.

37. That if the Plaintiff sustained the injuries and/or damages as alleged in the Complaint through any negligence other than his/her own, and if the Plaintiff should thereby recover any judgment against the Defendants/Third-Party Plaintiffs, North Jersey Truck and Moretran, such recovery will have been brought about and caused by the negligence of the Third-Party Defendant City of New York in failing to maintain the intersection of Longwood and

Barry in a safe condition for traffic without any negligence on the party of the Defendants/Third-Party Plaintiffs, North Jersey Truck and Moretran, contributing thereto, and the Third-Party Defendant City of New York will be obligated to contribute to and/or indemnify the Defendants/Third-Party Plaintiffs, North Jersey Truck and Moretran, for any judgment which may be recovered against them by reason of the occurrence mentioned and described in the Plaintiff's Complaint.

## FOURTH CAUSE OF ACTION AS TO THIRD-PARTY DEFENDANT THE CITY OF NEW YORK

38.  Third-Party Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs designated 1 through 37 inclusive of the Amended Third-Party Complaint herein.

39.  If it is determined that the Plaintiff sustained the injuries and/or damages as alleged in the Plaintiff's Complaint through the negligence of the answering Defendant and not through any negligence by the Plaintiff, all of which is denied, and if the Plaintiff should thereby recover any judgment against the Defendants/Third-Party Plaintiffs, North Jersey Truck and Moretran, the Defendants/Third-Party Plaintiffs demand judgment over and against the Third-Party Defendant City of New York for all or a portion of any recovery by Plaintiff herein as had against Defendants/Third-Party Plaintiffs North Jersey truck and Moretran in accordance with the relative responsibilities of the parties.

**WHEREFORE**, Defendants/Third-Party Plaintiffs North Jersey Truck Center, Inc. and Moretran Leasing Corp. demand judgment dismissing the complaint of the Plaintiff with costs and disbursements and further demands judgment over and against Third-Party Defendants, Collie C. Arnold, Smartway Transport LLC and City of New York, for complete indemnification

for any judgment that may be recovered herein by reason of the Third-Party Defendants' negligence. In the alternative, Defendants/Third-Party Plaintiffs North Jersey Truck Center, Inc. and Moretran Leasing Corp. demand judgment over and against Third-Party Defendants, Collie C. Arnold, Smartway Transport LLC and City of New York for contribution for all or part of any recovery by Plaintiff herein in accordance with the relative responsibility of the Defendants/Third-Party Plaintiffs and Third-Party Defendants, and for costs and disbursements as the Court deems just and proper.

PRICE, MEESE, SHULMAN & D'ARMINIO, P.C.
Attorneys for Defendants/Third-Party Plaintiffs
North Jersey Truck Center, Inc. and Moretran Leasing Corp.

By: _____
John R. Edwards, Jr. (JRE-5831)

Dated: May 20, 2008