UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x

DARIANA LUPERON,

                                        Plaintiff,

        -against-

NORTH JERSEY TRUCK CENTER, INC., MORETRAN
LEASING CORP. and RANDY CAMPOSMATOS,

                                Defendants.

-------------------------------------------------------------------------x

NORTH JERSEY TRUCK CENTER, INC., MORETRAN
LEASING CORP.,

                        Third-Party Plaintiffs,

        -against-

COLLIE ARNOLD and SMARTWAY TRANSPORT
INC.,

                        Third-Party Defendants.

------------------------------------------------------------------- x

RANDY CAMPOSMATOS,

                Second Third-Party Plaintiff,

        -against-

SMARTWAY TRANSPORT LLC, COLLIE C. ARNOLD
and CITY OF NEW YORK,

                Second Third-Party Defendants.

------------------------------------------------------------------- x

**ANSWER, COUNTERCLAIM AND CROSSCLAIMS TO SECOND THIRD-PARTY COMPLAINT ON BEHALF OF SECOND THIRD-PARTY DEFENDANT THE CITY OF NEW YORK**

07 cv 9630 (RJS)

City File #: 2008-020623

                Second Third-Party Defendant CITY OF NEW YORK (the "City"), by

Michael A. Cardozo, Corporation Counsel of the City of New York, answers Second

Third-Party Plaintiff's complaint upon information and belief as follows:

FIRST CAUSE OF ACTION

1.   Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in the paragraph designated 1 of the complaint.

2.   Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in the paragraph designated 2 of the complaint.

3.   Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in the paragraph designated 3 of the complaint.

4.   Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in the paragraph designated 4 of the complaint.

5.   Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in the paragraph designated 5 of the complaint.

6.   Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in the paragraph designated 6 of the complaint.

7.   Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in the paragraph designated 7 of the complaint.

8.   Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in the paragraph designated 8 of the complaint.

9.   Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in the paragraph designated 9 of the complaint.

10. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in the paragraph designated 10 of the complaint.

11. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in the paragraph designated 11of the complaint.

12. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in the paragraph designated 12 of the complaint.

13. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in the paragraph designated 13 of the complaint.

14. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in the paragraph designated 14 of the complaint.

## SECOND CAUSE OF ACTION

15. The City repeats each and every response to the allegations sets forth in the preceding paragraphs as though more fully set forth at length herein.

16. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in the paragraph designated 16 of the complaint.

17. The City repeats each and every response to the allegations sets forth in the preceding paragraphs as though more fully set forth at length herein.

## THIRD CAUSE OF ACTION

18. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in the paragraph designated 18 of the complaint.

19. Denies each and every allegation set forth in the paragraph designated 19 of the complaint.

20. Denies each and every allegation set forth in the paragraph designated 20 of the complaint.

21. Denies each and every allegation set forth in the paragraph designated 21 of the complaint.

22. Denies each and every allegation set forth in the paragraph designated 22 of the complaint.

23. Denies each and every allegation set forth in the paragraph designated 23 of the complaint.

24. Denies each and every allegation set forth in the paragraph designated 24 of the complaint.

25. Denies each and every allegation set forth in the paragraph designated 25 of the complaint.

26. Denies each and every allegation set forth in the paragraph designated 26 of the complaint.

27. Denies each and every allegation set forth in the paragraph designated 27 of the complaint.

28. Denies each and every allegation set forth in the paragraph designated 28 of the complaint.

29. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in the paragraph designated 29 of the complaint.

30. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in the paragraph designated 30 of the complaint.

31. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in the paragraph designated 31 of the complaint.

32. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in the paragraph designated 32 of the complaint

33. Denies each and every allegation set forth in the paragraph designated 33 of the complaint.

34. Denies each and every allegation set forth in the paragraph designated 34 of the complaint.

35. Denies each and every allegation set forth in the paragraph designated 35 of the complaint.

36. Denies each and every allegation set forth in the paragraph designated 36 of the complaint.

37. Denies each and every allegation set forth in the paragraph designated 37 of the complaint.

38. Denies each and every allegation set forth in the paragraph designated 38 of the complaint.

FOURTH CAUSE OF ACTION

39. The City repeats each and every response to the allegations sets forth in the preceding paragraphs as though more fully set forth at length herein.

40. Denies each and every allegation set forth in the paragraph designated 40 of the complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

41. Second Third-Party Plaintiff's culpable conduct and negligence caused or contributed to the damages he allegedly sustained.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

42. The amounts recoverable by Second Third-Party Plaintiff are subject to limitation by reason of the culpable conduct of other person(s) who are, or with

reasonable diligence could have been made party defendant(s) to this action, and shall reduce any judgment rendered in favor of Second Third-Party Plaintiff against the City to the extent of the amount of the related tortfeasor(s)'s equitable share(s) of the damages.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

43. Second Third-Party Plaintiff failed to mitigate, obviate, diminish or otherwise act to lessen or reduce the damages alleged in the complaint.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

42. The Second Third-Party Plaintiff failed to state a claim upon which relief can be granted.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

44. This Court does not have personal jurisdiction over the City because service of process upon the City was defective and insufficient as a matter of law.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

45. Any costs or expenses from any collateral source shall reduce any judgment rendered in favor of Second Third-Party Plaintiff against this defendant.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

46. If it is determined that the City is liable for any of the damages allegedly sustained by the Second Third-Party Plaintiff, then the equitable share of the liability of the defendant is fifty percent or less of the total liability assigned to all persons who are liable.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

47. Any and all risks, hazards, defects and dangers alleged are of an open, obvious, apparent nature, inherent and known or should have been known to Second Third-Party Plaintiff.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

48. The actions of the City by its employees, performed in connection with the design of the roadway, involved governmental planning decisions undertaken with adequate study and a reasonable basis, and the City is immune from suit.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

49. The actions of defendant The City of New York by its employees were tactical police decisions involving the governmental exercise of professional judgment and discretion, and the City is immune from suit.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

50. This action in barred, since it was not commenced within the Statue of Limitations.

## AS AND FOR A COUNTERCLAIM AGAINST SECOND THIRD-PARTY PLAINTIFF RANDY CAMPOSMATOS

51. That if the second third-party plaintiff sustains damages as alleged in the second third-party complaint through negligence other than second third-party plaintiff's own negligence, said damages were sustained due to the negligent acts or omissions of the above-captioned plaintiff, defendants, third-party plaintiffs and/or third-party defendants.

FURTHER, if the second third-party plaintiff should recover judgment against this second third-party defendant, then the above-captioned plaintiff, defendants,

third-party plaintiffs and/or third-party defendants, shall be held liable to this second third-party defendant for the full amount of said judgment, or on the basis of apportionment of responsibility for the alleged occurrence, this second third-party defendant is entitled to indemnification and/or contractual indemnification from and judgment over and against the plaintiff, defendants, third-party plaintiffs and/or third-party defendants, for all or any party of any verdict or judgment which the second third party plaintiff may recover or in such amounts as a jury or court may direct.

## AS AND FOR A CROSS CLAIM AGAINST SECOND THIRD-PARTY DEFENDANTS SMARTWAY TRANSPORT LLC AND COLLIE C. ARNOLD

52.     That if the plaintiff, third-party plaintiffs and second third-party plaintiff were caused damages as alleged in the plaintiff's complaint through negligence other than second third-party plaintiff's own negligence, said damages were sustained due to the negligent acts or omissions of the second third-party defendants Smartway Transport LLC and Collie C. Arnold.

FURTHER, if the second third-party plaintiff should recover judgment against this second third-party defendant, then the above-captioned plaintiff, defendants, third-party plaintiffs, third-party defendants and/or other second third-party defendants, shall be held liable to this second third-party defendant for the full amount of said judgment, or on the basis of apportionment of responsibility for the alleged occurrence, this second third-party defendant is entitled to indemnification and/or contractual indemnification from and judgment over and against the plaintiff, defendants, third-party plaintiffs, third-party defendants and/or other second third-party defendants for all or any party of any verdict or judgment which the second third party plaintiff may recover or in such amounts as a jury or court may direct.

THAT by reason of this action this third-party defendant has been and will be put to costs and expenses including attorneys' fees.

WHEREFORE, this second third-party defendant THE CITY OF NEW YORK demands judgment, dismissing the second third-party complaint and further demands judgment over and against the plaintiff, defendants, third-party plaintiffs and defendants, and other second third-party defendants above named for the full amount of any judgment obtained by the second third-party plaintiff against this second third-party defendant or, on the basis of apportionment of responsibility, for indemnification and/or contractual indemnification from the judgment over and against this second third party defendant for all or any part of any verdict or judgment which the second third party plaintiff may recover against this second third party defendant, or in such amounts as a jury or a court may direct, together with the costs and disbursements of this second third party action and any expenses incurred in the defense thereof.

Dated:      New York, New York
            June 18, 2008

                        Yours, etc.,

                        MICHAEL A. CARDOZO
                        Corporation Counsel
                        Attorney for Second Third-Party Defendant
                        THE CITY OF NEW YORK
                        100 Church Street
                        New York, New York  10007

            By:  _____
                        CRAIG KOSTER (CK6054)
                        Assistant Corporation Counsel
                        100 Church Street
                        New York, NY  10007
                        (212) 788-7295

TO:    Smartway Transport LLC
148 South 12th Avenue
Mt. Veronon, NY 10550

Collie C. Arnold
112 Courtland Avenue
Stamford, CT 06902-3424

John W. Kondulis, Esq.
JAMES G. BILELLO & ASSOCIATES
875 Merrick Avenue
Westbury, NY 11590

Kevin Concagh PC
225 Broadway
New York, NY 10007

Price, Meese, Shulman & D'Arminio P.C.
106 Corporate Park Drive
White Plains, NY 10604

## AFFIRMATION OF SERVICE

STATE OF NEW YORK  COUNTY OF NEW YORK, SS.:

The undersigned, an attorney admitted to practice in the courts of New York State and the Southern District of New York, shows: that she is employed in the office of the Corporation Counsel of the City of New York, and affirms this statement to be true under the penalties of perjury:

That on June 18, 2008, he served the annexed ANSWER upon:

> Smartway Transport LLC
> 148 South 12ᵗʰ Avenue
> Mt. Veronon, NY 10550
>
> Collie C. Arnold
> 112 Courtland Avenue
> Stamford, CT 06902-3424
>
> John W. Kondulis, Esq.
> JAMES G. BILELLO & ASSOCIATES
> 875 Merrick Avenue
> Westbury, NY 11590
>
> Kevin Concagh PC
> 225 Broadway
> New York, NY 10007
>
> Price, Meese, Shulman & D'Arminio P.C.
> 106 Corporate Park Drive
> White Plains, NY 10604

being the address within the State theretofore designated by them for that purpose, by causing to be deposited a copy of the same, enclosed in a prepaid wrapper in a post office box situated at 100 Church Street in the Borough of Manhattan, City of New York, regularly maintained by the Government of the United States in said City.

Dated:      New York, New York
            June 18, 2008

CRAIG ROSTER (CK6054)