UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
DARIANA LUPERON,                                       :
                                                       :
                              Plaintiff,     :    07 Civ. 9630 (HB)
                                                       :
            -against-                           :    OPINION & ORDER
                                                       :
NORTH JERSEY TRUCK CENTER, INC.,                       :
MORETRAN LEASING CORP., and                            :
RANDY CAMPOSMATOS,                                     :
                                                       :
                           Defendants.   :
------------------------------------------------------------------------x
NORTH JERSEY TRUCK CENTER, INC.,                       :
and MORETRAN LEASING CORP.,                            :
                                                       :
                  Third-Party Plaintiffs,    :
                                                       :
           -against-                            :
                                                       :
COLLIE C. ARNOLD, SMARTWAY                             :
TRANSPORT, LLC, and the CITY OF NEW YORK,              :
                                                       :
                Third-Party Defendants.    :
------------------------------------------------------------------------x
RANDY CAMPOSMATOS,                                     :
                                                       :
             Second Third-Party Plaintiff, :
                                                       :
           -against-                            :
                                                       :
SMARTWAY TRANSPORT, LLC, COLLIE C.                     :
ARNOLD and CITY OF NEW YORK,                           :
                                                       :
            Second Third-Party Defendants. :
------------------------------------------------------------------------x

**Hon. HAROLD BAER, JR., United States District Judge:**

  This action arises out of an alleged motor vehicle accident, in which Plaintiff Dariana Luperon ("Luperon" or "Plaintiff") was a passenger in a vehicle owned by Defendant Randy Camposmatos ("Camposmatos") and operated by third party Edwin Suero, that caused her to sustain severe injuries. In her initial complaint, Luperon brought an action for damages against Camposmatos and Defendants North Jersey Truck Center ("NJTC") and Moretran Leasing Corp. ("MLC") (collectively, "Defendants") for damages arising out of her personal injuries, alleging that NJTC and/or MLC was the owner of the Freightliner tractor that collided with the vehicle in

1

which Luperon was a passenger.  NJTC and MLC now move for summary judgment, arguing that neither company was the owner of the tractor at the time of the accident, and even if they were, as Plaintiff contends, they are exempt from liability under the Graves Amendment of 2005, 49 U.S.C. § 30106.  Defendant Camposmatos is not a party to the summary judgment motion.  For the reasons set forth below, movants' motion is granted.

## I.  FACTUAL BACKGROUND

The facts of this case are largely undisputed.  On August 2, 2007, Luperon was involved in a motor vehicle accident at the corner of Barry Street and Longwood Avenue in the Bronx, New York.  The vehicle in which Luperon was a passenger was owned by Defendant Camposmatos and operated by Edwin Suerto.  The vehicle in which Luperon was traveling collided with a white Freightliner tractor bearing the Vehicle Identification Number 1FUJBBBD31PJ16210 (the "Freightliner"), which was operated by Third-Party Defendant Collie Arnold ("Arnold").  The Freightliner was registered to Third-Party Defendant Smartway Transport, LLC ("Smartway"), which is a limited liability company owned by Arnold.  After the accident, NJTC temporarily took possession of the Freightliner to perform certain auto body repairs to the vehicle.

It appears to be undisputed that prior to May 2006, the Freightliner was owned by NJTC.  On or about May 8, 2006, more than a year before the alleged accident, MLC and Smartway entered into a transaction for the transfer of rights in the Freightliner.  Affidavit of John Muchmore ("Muchmore Aff.") ¶ 3.  As discussed in further detail below, there is a dispute between the parties as to whether the transaction constituted a financing agreement in which ownership of the Freightliner was transferred to Smartway with MLC retaining a security interest in the vehicle, or alternatively whether it constituted a lease of the Freightliner, such that NJTC and/or MLC retained ownership.[1]  The dispute is premised on the fact that the legal document that was used to complete the Transaction was entitled a "Lease Agreement" and referred to MLC as the "Lessor" and Smartway as the "Lessee."  Muchmore Aff., Exh. G.  NJTC and MLC contend that at a certain time prior to May 2006, MLC had been engaged in the business of leasing vehicles, but that it had, by that time, transitioned from that business into providing financing for the sale of vehicles.  *See* Deposition of John Muchmore ("Muchmore Dep.") at 31.

---

[1] For this reason, the arrangement agreed to between NJTC, MLC and Smartway will be hereinafter referred to as the "Transaction."

2

NJTC and MLC contend that the form "Lease Agreement" was used instead of a security agreement because MLC "had that form available from prior lease transactions." Muchmore Aff. ¶ 14.

On approximately May 11, 2006, NJTC executed and delivered a Certificate of Title in the name of Smartway to Collie Arnold, the owner of Smartway, and Arnold and Smartway took possession of the Freightliner at that time. Muchmore Aff. ¶ 7, Exh. D. MLC also caused a Notice of Lien to be filed and caused its lien to be noted on the face of the Certificate of Title. Muchmore Aff. ¶ 8-9, Exh. E. The Notice of Lien was forwarded to the New York State Department of Motor Vehicles ("DMV") and a Notice of Recorded Lien was returned that reflected MLC as lienholder and Smartway as owner. Muchmore Aff. ¶ 16, Ex. H. As a result of these transactions, NJTC and MLC contend that neither company had any ownership interest in the Freightliner at or after the time of the accident, and therefore they cannot be held liable for Luperon's injuries.

## II.  PROCEDURAL HISTORY

This action was commenced on October 30, 2007, when Luperon filed her complaint against NJTC, MLC and Camposmatos. On December 26, 2007, NJTC and MLC served an answer with a cross-claim against Camposmatos and a third-party complaint against Smartway and Arnold, the alleged owner and operator of the Freightliner, for contribution and indemnification. On February 7, 2008, Camposmatos appeared in this action by serving his answer and cross-claim against NJTC and MLC for contribution and indemnification. Camposmatos subsequently was granted leave to file and serve a second third-party complaint for contribution and indemnification against Smartway, Arnold and the City of New York, which he did on May 13, 2008. On May 29, 2008, NJTC and MLC filed an Amended Third-Party Complaint, adding a cause of action for contribution and indemnification against the City of New York based on the City's negligence in failing to maintain a stop sign at the intersection where the alleged motor vehicle accident that gave rise to this action occurred. On June 18, 2008, the City of New York filed an answer to the Second Third-Party Complaint, including a counterclaim against Camposmatos and cross-claims against Arnold and Smartway. NJTC and MLC filed the instant motion for summary judgment on February 26, 2009. The motion was fully briefed on March 24, 2009 and oral argument was held on April 28, 2009. No other parties, other than NJTC or MLC, have joined the motion for summary judgment. Counsel for

Camposmatos appeared at oral argument, but did not address the Court. As the deadline for dispositive motions has long since passed, the balance of the parties – i.e., Camposmatos, Smartway, Arnold and the City – will remain parties to this case and will proceed to trial, irrespective of the Court's determination on the instant motion.

### III.  DISCUSSION

**A.     Legal Standard on a Motion for Summary Judgment**

A motion for summary judgment must be granted if the moving party shows "there is no genuine issue as to any material fact" and that it "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A dispute of fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *id.* ("Factual disputes that are irrelevant or unnecessary will not be counted."). A dispute of fact is "genuine" if "the [record] evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* In considering a motion for summary judgment, the Court must view the evidence in the light most favorable to the non-moving party. *See Anderson*, 477 U.S. at 255; *Brown v. Henderson*, 257 F.3d 246, 251 (2d Cir. 2001). Summary judgment should be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the moving party has made a sufficient showing as to the absence of a genuine issue of material fact, "the non-moving party may not rely on mere conclusory allegations nor speculation, but instead must offer some hard evidence showing that its version of the events is not wholly fanciful." *Golden Pacific Bancorp v. F.D.I.C.*, 375 F.3d 196, 200 (2d Cir. 2004) (citation omitted); *see also Patterson v. County of Oneida*, 375 F.3d 206, 219 (2d Cir. 2004) ("Nor is a genuine issue created merely by the presentation of assertions that are conclusory."). Rather, the plaintiff "must come forward with evidence sufficient to allow a reasonable jury to find in her favor." *Brown*, 257 F.3d at 252. Even if the parties dispute material facts, summary judgment must be granted "unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id.*

**B.     Defendants are Exempt from Liability as a Matter of Law**

The primary argument put forth by NJTC and MLC on this motion is that they transferred all ownership interests to Smartway in May 2006, and that they can not be vicarious liable for the alleged negligence of a driver operating a vehicle that they did not own. Plaintiff's rejoinder,

4

premised in principal part on the Leasing Agreement instrument used in the Transaction between MLC and Smartway, is that MLC was the lessor of the Freightliner and retained an ownership interest in the vehicle. Unfortunately for Plaintiff, the law is not on her side regardless of how the issue is framed, and Defendants are entitled to summary judgment as a matter of law.

### 1. *Ownership of the Vehicle*

The parties appear to agree that because the accident occurred in New York, the law of New York applies with respect to the ownership of the Freightliner.[2] Under the New York Vehicle & Traffic Law, an "owner" of a vehicle is defined as "[a] person, *other than a lien holder*, having the property in or title to a vehicle." N.Y. V.T.L. § 127 (2009) (emphasis added). New York law holds owners, as defined in the statute, vicariously responsible for damages arising out of a driver's negligent operation of the vehicle, so long as the driver was operating the vehicle with permission of the owner. *See id.* § 388; *see also Horvath v. Lindenhurst Auto Salvage, Inc.*, 60 F.3d 120, 121 (2d Cir. 1995). Here, NJTC and MLC argue that MLC was merely a lender that financed the purchase price of the Freightliner, and that because it retained no ownership interest other than a lien, it cannot be held vicariously liable for Plaintiff's injuries as an "owner" under the Vehicle & Traffic Law.

Under New York law, it is well-settled that "title to a motor vehicle passes when the parties intend that it pass." *Cunningham v. Ford*, 20 A.D.3d 897, 897-98 (4th Dep't 2005); *Dallura v. Runicco*, 5 A.D.3d 346, 347 (2d Dep't 2004). Generally, ownership is determined by the registration owner of the vehicle or the person holding the documents of title. *Cunningham*, 20 A.D.3d at 898. Thus, possession of a Certificate of Title creates a presumption of ownership in the person named on the Certificate. *Dorzas v. Island Insulation Corp.*, 254 A.D.2d 246, 247 (2d Dep't 1998); *see also Dallura*, 5 A.D.3d at 347. However, this presumption is rebuttable, and the opposing party may show that, despite the title documents, ownership actually remained with a different party. *Horvath*, 60 F.3d at 122 ("[A]t best, the registration of a motor vehicle is only prima facie evidence of ownership, and the plaintiff always may prove that, in fact, the vehicle is owned by someone other than or in addition to the registered owner."); *Cunningham*, 20 A.D.3d at 898; *Dorizas*, 254 A.D.2d at 247; *Sosnowski v. Kolovas*, 127 A.D.2d 756, 758 (2d

---

[2] Both parties rely exclusively on New York substantive law, and "the parties' mutual decision to brief only New York law ends the [choice of law] inquiry." *Kwan v. Schlein*, 441 F. Supp. 2d 491, 501 (S.D.N.Y. 2006) (citing *3Com Corp. v. Banco do Brasil, S.A.*, 171 F.3d 739, 743 (2d Cir. 1999) ("The parties rely exclusively on New York substantive law, and where the parties have agreed to the application of the forum law, their consent concludes the choice of law inquiry.")).

Dep't 1987). At least one New York court has found that the existence of evidence that the vehicle actually was leased, and not sold, may be sufficient to raise a genuine issue of fact as to ownership. *See Aronov v. Bruins Transp., Inc.*, 294 A.D.2d 523, 524 (2d Dep't 2002). As noted above, vicarious liability for personal injuries arising out of a motor vehicle accident is limited to the "owner" of the vehicle, as that term is defined in the Vehicle and Traffic Law. See N.Y. V.T.L. § 388.

In this case, it is undisputed that in May 2006 – over a year before the accident that gave rise to this action – NJTC executed and delivered to Arnold a Certificate of Title to the Freightliner in the name of Smartway, the company that Arnold owns, and that Arnold thereafter took possession of the Freightliner. Moreover, it is undisputed that the Freightliner was registered to Smartway, and that, allegedly to protect its security interest, MLC caused a Notice of Lien to be filed and noted on the Certificate of Title. As Arnold had represented that the Freightliner would be registered in New York, the Notice of Lien was forwarded to the New York State DMV and a Notice of Recorded Lien was returned that reflected MLC, the company that Defendants allege financed the transaction, as a lienholder and Smartway as the owner of the Freightliner. Taken together, these undisputed facts are sufficient to constitute *prima facie* evidence that NJTC and MLC intended to transfer ownership of the Freightliner to Smartway in May 2006, and Smartway became the owner of the Freightliner at that time, with the only ownership interest remaining in MLC being a lien. As Defendants contend, only Smartway could be liable under N.Y. V.T.L. § 388 as the owner of the vehicle.

However, "[t]his presumption of ownership is not conclusive, and may be rebutted by evidence which demonstrates that another individual owned the vehicle in question." *Sosnowski*, 127 A.D.2d at 758. Here, Plaintiff has adduced evidence – namely, the Lease Agreement instrument that formed the basis of the transaction between NJTC and MLC on the one hand and Smartway on the other – that, viewed in the light most favorable to the Plaintiff, raises a genuine question of fact as to whether the Defendants actually leased the vehicle, thereby retaining an ownership interest in themselves. The remaining issue is whether this genuine question is material for purposes of the Defendants' motion for summary judgment; that is, the issue is whether the disputed fact "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248. I find that it would not. Even if NJTC and/or MLC leased the Freightliner and retained ownership of the vehicle, they would nonetheless be entitled to summary judgment because as lessors, they are expressly exempted from vicarious liability

6

under the Graves Amendment of 2005, discussed in further detail below.  Thus, while there is an issue as to ownership of the Freightliner, it does not constitute a material issue of fact for me, and the motion must be granted.

    *2. Graves Amendment of 2005*

On August 10, 2005, President Bush signed the Safe, Accountable, Flexible, Efficient Transportation Equity Act: A Legacy for Users ("SAFETEA-LU"), Pub. L. No. 109-59, 119 Stat. 1144.  Included in SAFETEA-LU was an amendment now commonly known as the Graves Amendment, codified at 49 U.S.C. § 30106, that "expressly preempts all state vicarious liability schemes that impose liability on lessors of motor vehicles where the vehicle is involved in an accident through no fault of the lessor."  *Sigaran v. ELRAC, Inc.*, 2008 N.Y. Slip Op 52569U (N.Y. Sup. Ct. Dec. 23, 2008); *see also, e.g.*, *Green v. Toyota Motor CreditCorp.*, 07-CV-524 (ENV)(JO), 2009 U.S. Dist. LEXIS 27340, at *8 (E.D.N.Y. Mar. 27, 2009) ("The Graves Amendment clearly intended to preempt [the policy of VTL § 388 to create vicarious liability in remote title owners and lessors] as a matter of federal law and bar recovery against car rental and leasing companies based on vicarious liability."); *Flagler v. Budget Rent a Car Sys., Inc.*, 538 F. Supp. 2d 557, 558 (E.D.N.Y. 2007) ("There is no question but that the Graves Amendment preempts state laws that impose vicarious liability on businesses that rent or lease vehicles."). The Graves Amendment provides, in relevant part, that:

> [a]n owner of a motor vehicle that rents or leases the vehicle to a person . . . shall not be liable under the law of any State or political subdivision thereof, by reason of being the owner of the vehicle . . . , for harm to persons or property that results or arises out of the use, operation or possession of the vehicle during the period of the rental or lease, if –
>
> (1) the owner . . . is engaged in the trade or business of renting or leasing motor vehicles; and
>
> (2) there is no negligence or criminal wrongdoing on the part of the owner . . . .

49 U.S.C. § 30106.  Therefore, the Graves Amendment specifically exempts lessors from liability in a case like the one at bar.  As a consequence of the language in the Graves Amendment, it overrides New York V.T.L. § 388 insofar as it imposed liability on lessors, leaving the driver, and any other potentially negligent actor – here, Camposmatos (the owner of the car in which Plaintiff was a passenger), Arnold (the driver of the Freightliner), Smartway (the owner of Freightliner) and the City of New York – responsible for plaintiffs' injuries.

7

NJTC and MLC argue that, even if the Transaction at issue in this case was, as Plaintiff contends, a lease transaction, they are nonetheless exempt from liability under the terms of the Graves Amendment. That is, because the basis of Plaintiffs claim against them is premised solely on vicarious liability, and not on negligence or wrongdoing on the part of NJTC or MLC themselves, Defendants argue that the Graves Amendment shields them from liability. Unfortunately for Luperon, it appears that NJTC and MLC are quite right. By its express terms, the Graves Amendment carves out an exception to liability for companies that engage in the business of renting or leasing vehicles, as MLC did here.

Plaintiff's sole argument to counter the breadth of the Graves Amendment is not that the Graves Amendment is unconstitutional (as many litigants have argued, albeit unsuccessfully, in federal and state courts in New York and across the nation),[3] but rather that Defendants are not "engaged in the trade or business of renting or leasing" and as such are not reached by the Amendment. Plaintiff opines that the single statement from John Muchmore, the president of MLC, in his deposition in which he stated that MLC is not in the business of leasing vehicles removes the Defendants from the purview of the Graves Amendment. However, viewing the statement in context, it is clear that while Muchmore testified that MLC had been in the business of leasing at one point several years earlier, it had switched over from that business to the business of financing vehicles. Thus, Plaintiff essentially splits hairs in arguing that while MLC in fact leased the Freightliner (as evidenced, she contends, by the Leasing Agreement), it is not "in the business" of leasing such that it is exempt from liability under the Graves Amendment. Plaintiff has cited no authority, nor has the Court been able to locate any, that supports such an interpretation of the Amendment's scope.[4] To the contrary, while no cases have expressly

---

[3] Neither the U.S. Supreme Court nor the Second Circuit has yet ruled on the constitutionality of the Graves Amendment. Numerous other lower federal and state courts have considered the issue, and are virtually unanimous in upholding the Amendment as a proper exercise of congressional power under the Commerce Clause. *See, e.g.*, *Green*, 2009 U.S. Dist. LEXIS 27340 at *11-12; *Stampolis v. Provident Auto Leasing Co.*, 586 F. Supp. 2d 88, 94 (E.D.N.Y. 2008); *Noll v. Avis Budget Group LLC*, 07 CV 1908 (RML), 2008 WL 4282985, at *2 (E.D.N.Y. Sept. 17, 2008); *Flagler*, 538 F. Supp. 2d at 559; *Berkan v. Penske Truck Leasing Canada, Inc.*, 535 F. Supp. 2d 341, 345 (W.D.N.Y. 2008); *see also Garcia v. Vanguard Car Rental USA, Inc.*, 540 F.3d 1242, 1252 (11th Cir. 2008); *Jasman v. DTG Operations, Inc.*, 533 F. Supp. 2d 753, 757-58 (W.D. Mich. 2008); *Dupuis v. Vanguard Car Rental USA, Inc.*, 510 F. Supp. 2d 980, 984-85 (M.D. Fla. 2007); *Seymour v. Pense Truck Leasing Co.*, 07CV015, 2007 U.S. Dist. LEXIS 54843, at *6-7 (S.D.Ga. July 30, 2007); *Graham v. Dunkley*, 50 A.D.3d 55, 58 (2d Dep't 2008).
[4] The legislative history of the Graves Amendment sheds no light on the definition of "in the business of renting or leasing." There were no hearings on the Amendment, and the only debate in the House of Representatives was all of twenty minutes long, immediately preceding the vote on the Amendment. *See* 151 Cong. Rec. H1199-1201 (daily ed. Mar. 9, 2005) (instructions by Rep. LaHood, Acting Chairman); *see also* Susan Lorde Martin, *Commerce Clause Jurisprudence and the Graves Amendment: Implications for the Vicarious Liability of Car Leasing Companies*, 18 U. FLA. J.L. & PUB. POL'Y 153 (2007). In those twenty minutes, the principal concern was the exemption of lessors

8

addressed the meaning of the phrase "in the business of renting or leasing," the Graves Amendment has been applied to exempt defendants from liability where they are characterized as a company that "owned the rental car and leased it to [the driver]," *Garcia v. Vanguard Car Rental USA, Inc.*, 540 F.3d 1242, (11th Cir. 2008); where the lessor is described as a "business that rents or leases," *Flagler*, 538 F. Supp. 2d at 558, and to entities described simply as "owners-lessors," *Merchants Ins. Group v. Mitsubishi Motor Credit Ass'n*, 525 F. Supp. 2d 309, 312 (E.D.N.Y. 2007). In my view, assessing all the evidence in the light most favorable to the Plaintiffs, as I must, and assuming for the moment that the transaction indeed was a lease, then MLC is demonstrably a "business that rents or leases" sufficient to fall within the protective ambit of the Graves Amendment. As such, absent any allegations of negligence or criminal wrongdoing on the part of NJTC or MLC themselves, the Defendants' motion for summary judgment must be granted.

*     *     *

In sum, although it is not clear from the facts of this case whether the Transaction was a security agreement or a lease, and consequently whether MLC is "in the business" of financing or leasing, what is clear is that it must be one or the other. That is, NJTC and MLC are either in the financing business (in which case they are exempt from liability under N.Y. V.T.L. § 388), or they are in the leasing business (in which case they are exempt from liability under the Graves Amendment). Unfortunately for Plaintiff, she cannot prevail by contending that although MLC leased the Freightliner to Smartway, it is not "engaged in the business" of leasing. Simply put, Plaintiff cannot have it both ways – she cannot allege that Defendants did not finance the Freightliner as evidenced by the Leasing Agreement, but that they also are not in the leasing business. Defendants are exempt from vicarious liability as a matter of law. Plaintiff's counsel represented to the Court during oral argument on the instant motion that, if the movants are dismissed from the case, the only recourse Plaintiff will have is against Camposmatos, who is uninsured and will surely be unable to pay any recovery she is awarded. Not so. Camposmatos is not the only party who will remain in this case after the granting of the instant motion. Smartway, Arnold and the City of New York remain in this case as third-party defendants, and

---

of motor vehicles when there had been some negligence on their part. Supporters of the Amendment made clear that the Amendment did not exempt lessors against whom allegations of negligence or criminal wrongdoing were pressed, and that the only purpose of the Amendment was to exempt lessors from pure vicarious liability. *See* 151 Cong. Rec. H1200.

may be liable to Camposmatos for indemnification and/or contribution, should a trial result in a verdict in favor of the Plaintiff.[5]

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment is GRANTED. NJTC and MLC will be dismissed, and the matter will proceed to trial in September 2009 against Defendant Camposmatos, and Second Third-Party Defendants Collie Arnold, Smartway Transport, LLC and the City of New York. The parties will be sent a trial notification with the details for submission of pretrial materials approximately one month before the trial date. The Clerk of this Court is respectfully requested to amend the caption of this case to reflect the dismissal of NJTC and MLC, to enter judgment in favor of the NJTC and MLC, and to close this motion (Docket No. 26).

IT IS SO ORDERED.
New York, New York
June ___, 2009

_____
U.S.D.J.

---

[5] Indeed, Smartway has not answered the Second Third-Party Complaint, and Camposmatos accordingly has moved for default judgment against Smartway, in the event he ultimately is found liable at trial.

10